UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAMBIR SINGH,<br>(A-246-652-349)<br><br>      Petitioner,<br><br>  v.<br><br>WARDEN OF CALIFORNIA CITY<br>CORRECTIONS CENTER FACILITY, et<br>al.,<br><br>      Respondents. | No.  1:26-cv-0598-TLN-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Karambir Singh filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on January 24, 2026, asserting in claim one of the petition that his re-detention without a hearing violated the Fifth Amendment. (ECF No. 2.) For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, and this case be closed.

Petitioner is a citizen and native of India. (ECF No. 2 at 10.) On or about January 19, 2022, petitioner entered the United States without inspection. (Id. at 11.) Respondents initiated removal proceedings against petitioner and issued a Notice to Appear. (Id.) While petitioner was on release, petitioner resided in Bakersfield, applied for asylum, and timely and consistently appeared for all hearings in immigration court. (Id.) At the time of filing the petition, petitioner

1

was detained in the California City Corrections Center Facility. (Id.)

On the same day he filed the petition, petitioner filed an *ex parte* motion for a temporary restraining order ("TRO"). (ECF No. 3.)

On January 26, 2026, the district judge assigned to this case granted petitioner's *ex parte* motion for a TRO, finding "Petitioner has established… a likelihood of success on his claims that Respondents violated the Immigration and Nationality Act and the Fifth Amendment Due Process Clause[….] The Court has repeatedly ruled on the issues presented in the instant case. See, e.g., Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025)." (ECF No. 7.) Respondents were ordered to release petitioner and were enjoined and restrained from re-arresting or re-detaining him absent compliance with constitutional protections. (Id.) Respondents were ordered to show cause why the court should not issue a preliminary injunction. (Id.)

On January 28, 2026 respondents filed a response styled as a motion to dismiss the petition, asserting petitioner is "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" notwithstanding his prior release in the discretion of DHS. (ECF No. 9.)

On February 12, 2026, the district judge assigned to this case entered a preliminary injunction continuing the terms of the TRO and referring this matter to the undersigned for further proceedings. (ECF No. 10.) In finding petitioner had established a likelihood of success on the merits, the district judge examined petitioner's procedural due process claim, found petitioner has a protected liberty interest under the Due Process Clause, and found the factors of Mathews v. Eldridge, 424 U.S. 319, 335 (1976) demonstrated he was entitled to procedural protections he had not received. (Id. at 3-4.) The district judge also explained respondents' argument that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) did not bear on the due process analysis. (Id. at 3.)

On February 24, 2026, the undersigned ordered pursuant to 28 U.S.C. § 2243 that respondents file any answer to the pending petition within 7 days, and "[i]f Respondents do not file an answer by this deadline, the matter will be deemed submitted." (ECF No. 11.) The time for

2

respondents to file any answer has expired and no further briefing has been filed.

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary injunction and preliminary injunction, the undersigned recommends the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights (claim one), consistent with the undersigned's decision in Rebolledo v. Chestnut, No. 1:25-CV-1904 CKD P, 2026 WL 218809, at *4 (E.D. Cal. Jan. 28, 2026), and recommendation in Esteban-Escalante v. Warden Mesa Verde ICE Process CTR, No. 1:26-CV-0096-DC-CKD P, 2026 WL 323041, at *3 (E.D. Cal. Feb. 6, 2026), report and recommendation adopted, 2026 WL 392393 (E.D. Cal. Feb. 12, 2026).

The undersigned further recommends that a permanent injunction be issued on the same terms as the preliminary injunction. Because the resolution of petitioner's claim one provides the relief requested, the court need not reach the second and third claims.

In accordance with the above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas corpus be GRANTED.

2. The preliminary injunctive relief previously granted (ECF No. 10) be made permanent.

3. The Clerk of Court be directed to enter judgment for petitioner Karambir Singh, A Number 220-652-349, and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////

/////

/////

/////

/////

3

objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 16, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sing0598.mer